UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD FARBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>NATURAL ENERGY FIELD SERVICES, LLC,<br><br>Defendant. | No: 4:20-cv-301<br><br>Collective Action<br>29 U.S.C. § 216(b) |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

### I.   SUMMARY

1. This lawsuit seeks to recover overtime compensation for Plaintiff Chad Farber and his similarly situated co-workers – non-exempt employees paid a day rate (collectively, "Collective Members" or "Day Rate Workers") – who have worked for Natural Energy Field Services, LLC ("Defendant" or "Natural Energy) in the United States.

2. Headquartered in Deer Park, Texas, Natural Energy specializes in third party inspection services to ensure pipeline projects are constructed in accordance with all applicable codes, specifications, and permits.[1]

3. Defendant is actively operating at oilfields around the United States, including but not limited to, Pennsylvania, Texas, Virginia, and West Virginia.

4. Plaintiff and similarly situated Collective Members typically work at least twelve-hour shifts, seven days a week, for weeks at a time, in some of the harshest working conditions.

---

[1] http://nefieldservices.com/services/

5. Day Rate Workers were paid at a set day rate and also received regular non-discretionary bonuses, mileage, a per diem, daily equipment pay, and a communication package as part of their customary wages.

6. Despite treating its Day Rate Workers as non-exempt employees, Defendant failed to properly pay overtime compensation at 1.5 times Day Rate Workers' regular rate of pay.

7. As a result, Defendant significantly underpaid Plaintiff and other Day Rate Workers for overtime hours worked.

8. Plaintiff brings this action on behalf of himself and similarly situated current and former Day Rate Workers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

## II. JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this District and Division because Defendant is headquartered here.

11. Plaintiff and other Collective Members performed work related tasks for Defendant in this District and Division.

## III. THE PARTIES

### Chad Farber

12. Chad Farber ("Farber") is an adult individual who is currently a resident of the State of West Virginia. Farber performed work for Defendant in West Virginia during his employment.

13. Farber was employed by Defendant as Welding Inspector, a day rate worker from approximately June 2018 through October 11, 2019.

14. A written consent form for Farber is being filed with this Collective Action.

15. Farber brings this action on behalf of himself and all other similarly situated Day Rate Workers.

16. The collective of similarly situated employees or potential collective members sought to be certified is defined as follows:

> All Day Rate Workers who worked for Defendans in the last three years in the United States.

## IV.   DEFENDANT

17. Defendant employed Plaintiff and similarly situated employees.

18. Defendant had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

19. During all relevant times, Defendant has been Plaintiff's employer within the meaning of the FLSA.

**Natural Field Energy Services, LLC**

20. Natural Field Energy Services, LLC is a foreign business corporation organized and existing under the Laws of Kentucky.

21. Natural Field Energy Services, LLC's corporate headquarters is located at 2231 Center St., Suite B – PMB 103, Deer Park, TX 77536

22. At all relevant times, Natural Field Energy Services, LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

23. Natural Field Energy Services, LLC applied the same employment policies, practices, and procedures to all Day Rate Workers at their worksites throughout the United States.

## V. COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, Defendant has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Defendant has had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Plaintiff and Collective Members were engaged in commerce or in the production of goods for commerce.

## VI. FACTS

**Chad Farber**

28. Farber was employed by Defendant as a Day Rate Worker from approximately June 2018 through October 11, 2019.

29. During this time, Farber was assigned to Defendant's operations in West Virginia.

30. During his employment, Farber regularly worked over 40 hours per week. In this regard, Farber was assigned to daily job shifts at least 10 or 12 hours in length.

31. During his employment, Farber was assigned a schedule of "hitches."[2]

32. As a result, Farber consistently worked over 40 hours per week.

33. Defendant paid Farber with a day rate and non-discretionary bonuses, mileage, a per diem, daily equipment pay, and a communication package.

34. Defendant failed to properly pay overtime compensation to Farber at not less than 1.5 times his regular rate of pay.

35. Defendant also failed to factor in non-discretionary job bonuses into Farber's regular rate for determining overtime pay.

36. Upon information and belief, Defendant did not keep accurate records of hours worked by Farber and similarly situated employees.

## VII. FLSA VIOLATIONS

37. As set forth herein, Defendant violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

38. Defendant, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Collective Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

---

[2] A hitch is a length of continuous employment followed by a set amount of days off.

39. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII. COLLECTIVE ACTION

40. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the Collective.

41. Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked for Defendant as Day Rate Workers and other similar titles nationwide who elect to opt-in to this action (the "FLSA Collective").

42. Defendant is liable under the FLSA for *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

43. Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation when they worked beyond 40 hours in a workweek.

44. All the work Plaintiff and the FLSA Collective performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

45. As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

46. This policy and pattern or practice includes, but is not limited to, willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the correct premium overtime wages for hours that they worked in excess of 40 hours per workweek and failing to maintain accurate records of hours worked by its employees, including Plaintiff and the FLSA Collective.

47. Defendant's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay overtime pay.

48. Defendant is aware or should have been aware that federal and state law required them to pay Plaintiff and the FLSA Collective an overtime premium that included non-discretionary job bonuses in its calculation.

49. Plaintiff and the FLSA Collective perform or performed the same primary duties.

50. There are many similarly situated current and former Day Rate Workers who have been undercompensated in their overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

51. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

52. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## IX.   RELIEF SOUGHT

Plaintiff, individually, and on behalf of the FLSA Collective respectfully request that this Court grant the following relief:

A.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Day Rate Workers and other similarly situated workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendant nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.   Unpaid overtime pays and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA.

D.  Reasonable attorneys' fees and costs of the action; and

E.  Such other relief as this Court shall deem just and proper.

Dated: January 27, 2020

Respectfully submitted,

**/s/ Rex Burch**

_____

**BRUCKNER BURCH PLLC**
Richard (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. 21615
8 Greenway Plaza #1500
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Frank J. Mazzaferro, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for the Plaintiff and Putative Collective*

FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against Natural Energy and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP and BRUCKNER BURCH PLLC ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Chad Farber (Oct 11, 2019)_
Signature

**Chad Farber**
Full Legal Name (Print)