IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAD FARBER, individually and on behalf of all others similarly situated,<br>　　　Plaintiff,<br><br>v.<br><br>NATURAL ENERGY FIELD SERVICES, LLC<br>　　　Defendant. | §<br>§<br>§　　CIVIL ACTION NO. 4:20-cv-301<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant, Natural Energy Field Services, LLC ("Defendant" or "NEFS"), files this Original Answer and Affirmative Defenses to Plaintiff's Original Collective Action Complaint ("Complaint"), and respectfully state as follows:

I. FIRST DEFENSE

This case is inappropriate for treatment as a collective action because Plaintiff cannot satisfy the requirements for maintenance of a collective action under section 216 of the FLSA, or otherwise. Plaintiff is not similarly situated to other individuals in the collective group or class he purports to represent nor are his claims typical of the other individuals in the purported collective group or class.

II. SECOND DEFENSE

The claims of the collective group or class Plaintiff purports to represent are barred, in whole or in part, by the affirmative defense of limitations pursuant to 29 U.S.C. §§ 255(a).

III. THIRD DEFENSE

The claims of the collective group or class Plaintiff purports to represent are barred, in whole or in part, because Plaintiffs failed to properly commence an action as required by 29

U.S.C. § 256.

## IV. FOURTH DEFENSE

Defendants acted towards Plaintiff and the putative class members in good faith and based upon reasonable grounds for believing that the acts were consistent with the FLSA. Accordingly, Plaintiff and the putative class members are not entitled to recover liquidated damages under the FLSA.

## V. FIFTH DEFENSE

A two-year limitations period applies because Plaintiff cannot establish willful violations of the FLSA. To the extent any of Defendant's acts or omissions are found to be unlawful under the FLSA, those actions were not willful violations of the FLSA. Plaintiff received all compensation to which he was entitled. Consequently, a two-year limitations period applies because any violation of the FLSA was not willful.

## VI. SIXTH DEFENSE

Some of the activities for which Plaintiffs seek compensation was not "work" under the meaning of the FLSA. The activities were not integral and indispensable to the principal activities of Plaintiff's employment and/or were for his convenience.

## VII. SEVENTH DEFENSE

The Complaint should be dismissed to the extent that the claims are for noncompensable *de minimis* time and time that was not Plaintiff's "principal activity." All claims for non-compensable time are barred by 29 U.S.C. §254(a).

## VIII. EIGHTH DEFENSE

Plaintiff's claims are barred by offset for all amounts paid to him by Defendant.

## IX. NINTH DEFENSE

Plaintiff's claims are subject to a mandatory arbitration agreement. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016); *Epic Systems Corp. v. Lewis.*, 138 S.Ct. 1612 (2018).

## X. ANSWERS TO ALLEGATIONS

Pleading further, if necessary, and without waiving the foregoing defenses, which are incorporated as appropriate below, Defendant answers the allegations of Plaintiff's Complaint below by correspondingly numbered paragraphs:

1. Defendant admits Plaintiff brings this suit under the FLSA. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Defendant admits it specializes in third party inspection services to ensure pipeline projects are constructed in accordance with all applicable codes, specifications, and permits. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits it operates in various states. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits Plaintiff often worked 12 hours in a workday. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits Plaintiff received a per diem payment and reimbursement for equipment. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits Plaintiff brings an FLSA action. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits this Court has jurisdiction.

10. Defendant admits venue is proper in the Southern District of Texas and that Defendant is located within the Houston Division.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits Plaintiff performed work for Defendant in West Virginia. Defendant is without sufficient knowledge of Plaintiff's residence, and thus denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits Defendant employed Plaintiff from June 2018 through October 11, 2019. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits Plaintiff brings this action. Defendant denies that there is any coherent, certifiable class. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant admits Plaintiff seeks to certify a class. Defendant denies that there is any coherent, certifiable class. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17. Defendant admits Defendant employed Plaintiff. Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits Defendant had reasonable control over some aspects of Plaintiff's working conditions while it employed Plaintiff. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant admits the allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. Defendant admits the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits Defendant employed Plaintiff from June 2018 through October 11, 2019. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant admits Plaintiff worked on a schedule that depended on the work being done on pipelines. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant admits Plaintiff seeks to certify a class. Defendant denies that there is any coherent, certifiable, class and affirmatively states that Plaintiff has executed an arbitration

agreement with a class action waiver. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant admits it assigned Plaintiff and other employees to projects. Defendant denies that there is any coherent, certifiable class. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies that Plaintiff is entitled to the relief sought in the Relief Sought, including but not limited to the items and categories of relief specified or any other prayers for damages in the Complaint. Defendant denies any remaining allegations set forth in the Relief Sought.

WHEREFORE, Defendant denies that Plaintiff is entitled to or should otherwise be accorded judgment and/or relief, of any kind or type, against them in this matter. Defendant requests that this Court find in its favor and award it any and all costs of defending itself in this action, including but not limited to, court costs, expenses, and attorneys' fees.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

        By:   /s/ *W. Jackson Wisdom*
            W. Jackson Wisdom
            State Bar No. 21804025
            Federal I.D. No. 13756
        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
        808 Travis, Suite 1100
        Houston, Texas 77002
        Telephone:   (713) 632-1700
        Facsimile:   (713) 222-0101
        Email:   wisdom@mdjwlaw.com
        ATTORNEY IN CHARGE FOR DEFENDANT NATURAL ENERGY FIELD SERVICES, LLC

**OF COUNSEL:**
Nathan Wesely
State Bar No. 21193200
Federal I.D. No. 9452
MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
808 Travis, Suite 1100
Houston, Texas 77002
Telephone:   (713) 632-1700
Facsimile:   (713) 222-0101
Email:   wesely@mdjwlaw.com

-8-

## **CERTIFICATE OF SERVICE**

This is to certify that the above pleading was electronically filed with the United States District Court for the Southern District of Texas by using the CM/ECF system and that all parties or their counsel of record are being served by the ECF system on March 3, 2020.

| | |
|---|---|
| Richard J. Burch<br>Bruckner Burch PLLC<br>8 Greenway Plaza, Ste. 1500<br>Houston. Texas 77046 | Email: rburch@brucknerburch.com |

*/s/ W. Jackson Wisdom*
W. Jackson Wisdom